UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2012 OCT 22 P 1: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RAFAEL VASQUEZ, Plaintiff vs. DANIEL DESMARAIS, sued in his individual and official capacity Defendant. | Civil Action No. COMPLAINT JURY TRIAL DEMANDED |

I. PRELIMINARY STATEMENT

1. This is a civil rights action filed by Rafael Vasquez, a state prisoner, for damages and relief authorized by 42 USC Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States of America.

II. JURISDICTION & VENUE

2. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 28 USC Section 1331 and 1343 (a)(3). The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 USC Section 1367.

3. Plaintiff seeks declatory relief pursuant to 28 USC Section 2201 and 2202.

4. Plaintiff's claims for injunction relief are authorized by 28 USC Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

5. The District of Massachusetts is an appropriate venue under 28 USC Section 1391 (b)(2) because it is where the events or omissions given rise to the claims occurred in this district.

### III. PLAINTIFF

6. Plaintiff Rafael Vasquez was at all times mentioned herein a prisoner of the State of Massachusetts in the custody of the Lowell Police Department ("LPD"), MCI-Concord ("Concord") and Plymouth County Correctional Facility ("PCCF"). He is currently confined at the North Central Correctional Institution in Gardner.

### IV. DEFENDANT

7. Defendant Daniel Desmarais is a police officer of the LPD who, at all times mentioned in this complaint, was assigned as a Detective with the Special Investigations Section ("SIS").

8. The defendant is being sued in his individual and official capacity. At all times relevant to the events described herein, the defendant acted under color of state law. Defendant continues to act under color of state law.

### V. FACTUAL ALLEGATIONS

9. Plaintiff realleges and incorporates by reference paragraphs 1 through 8.

10. On November 7, 2009, at approx. 5:35 p.m., the plaintiff was within the interior of his residence at 1223 Pawtucket Boulevard, Unit #107 in Lowell due to the Lowell District Court Probation's conditions of release on bail in an unrelated matter.

11. On November 7, 2009, at approx. 4:00 p.m., Defendant Desmarais applied for and was granted a search warrant from Lowell District Court for the plaintiff's residence at 1223 Pawtucket Boulevard, Unit #107.

12. The application for a search warrant stems from a prior investigation of the plaintiff's residence.

13. In support of the application for the search warrant, Defendant Desmarais submitted an affidavit under oath which contained false information.

14. The affidavit provided to the Court alleged that Defendant Desmarais had observed the male operator of a White Honda to be Rafael Vasquez (09/28/81), the plaintiff.

15. Defendant Desmarais further observed Mr. Vasquez, the plaintiff, walk past the rear of his unmarked cruiser to an area near an enclosed dumpster area approx. 30' away from him.

16. Defendant Desmarais also observed Mr. Vasquez, the plaintiff, to be looking for someone or something.

17. Defendant Desmarais observed Mr. Vasquez, the plaintiff, walk directly back to and enter Unit #107.

18. Defendant Desmarais, through his personal observations of Mr. Vasquez, the plaintiff, outside and entering Unit #107 was consistent with a drug transaction.

19. During these events Defendant Desmarais was conducting surveillance of 1223 Pawtucket Boulevard, Unit #107 on September 30, 2009, at approx. 5:37 p.m.

20. During these events Defendant Desmarais contacted Probation Officer ("PO") Megan Guthrie of Mr. Vasquez, the plaintiff, operating a White Honda and of him outside the residence.

21. PO Megan Guthrie was assigned by Lowell District Court to supervise the plaintiff while released on bail with the ankle bracelet monitoring system (ELMO).

22. After PO Megan Guthrie received this immense information from Defendant Desmarais, she decided to conduct a house visit at 1223 Pawtucket Boulevard, Unit #107 on October 1, 2009, where she confirmed that the plaintiff's ankle bracelet was properly attached.

23. After confirmation, PO Megan Guthrie subsequently notified Defendant Desmarais of her findings.

24. Defendant Desmarais, after being notified by PO Megan Guthrie of her confirmation of the plaintiff's house confinement, decided to proceed with the application for the search warrant.

25. When the search warrant was granted by the Lowell District Court, Defendant Desmarais and members of the SIS met with members of the NEMLEC SWAT team, who were requested to assist in the entry and execution of the search warrant.

26. On November 7, 2009, at approx. 5:35 p.m., the plaintiff received a call from an anonymous caller who stated that the police were outside his residence and had a search warrant for the residence.

27. At this time, the plaintiff was skeptical about the information he just received and hung up the phone.

28. After several moments, the plaintiff exited the front door of his residence.

29. Shortly after, the plaintiff was immediately arrested and transported to the LPD.

30. On November 9, 2009, the plaintiff was transported to the Lowell District Court.

31. After the hearing, the plaintiff was transported to Concord where he was held on 52A for three (3) months.

32. The plaintiff was then taken to PCCF where he was also held for three (3) months.

33. On May 7, 2010, the plaintiff was exonerated of all charges in the Lowell Superior Court and released to the terms of the Lowell District Court's previous conditions.

## VI. CLAIMS FOR RELIEF

34. The action of Defendant Desmarais in fabricating inculpatory evidence and presenting an affidavit which contained false information to the Lowell District Court in support of an application for a search warrant for the plaintiff's residence which ultimately resulted in false arrest, constitutes deliberate indifference in violation of the Fourth Amendment of the United States Constitution.

35. The action of Defendant Desmarais in fabricating inculpatory evidence and presenting an affidavit which contained false information to the Lowell District Court against the plaintiff constituted the tort of false arrest under the law of Massachusetts.

36. The action of Defendant Desmarais in arresting the plaintiff without probable cause which ultimately resulted in false imprisonment, constitutes deliberate indifference in violation of the Fourth Amendment of the United States Constitution.

37. The action of Defendant Desmarais in arresting the plaintiff without probable cause constituted the tort of false imprisonment under the law of Massachusetts.

38. The action of Defendant Desmarais in initiating a criminal proceeding against the plaintiff which ultimately resulted in malicious prosecution, constitutes deliberate indifference in violation of the Fourth Amendment of the United States Constitution.

39. The action of Defendant Desmarais in initiating a criminal proceeding against the plaintiff which ultimately resulted in malicious prosecution constituted the tort of malicious prosecution under the law of Massachusetts.

40. The action of Defendant Desmarais in initiating a criminal proceeding against the plaintiff, were done maliciously and sadistically and constituted deliberate indifference in violation of the Fourth Amendment of the United States Constitution.

41. The action of Defendant Desmarais in initiating a criminal proceeding against the plaintiff, were done maliciously and sadistically and constituted the tort of malicious prosecution under the law of Massachusetts.

42. The action of Defendant Desmarais in initiating a criminal proceeding without probable cause against the plaintiff constituted deliberate indifference, and contributed to and proximately caused the above described violation of Fourth Amendment rights and malicious prosecution.

43. The action of Defendant Desmarais in initiating a criminal proceeding without probable cause constituted the tort of malicious prosecution under the law of Massachusetts.

44. The action of Defendant Desmarais in maliciously initiating a criminal proceeding without probable cause against the plaintiff which ultimately was terminated in his favor constituted deliberate indifference, and contributed to and proximately caused the above described violation of Fourth Amendment rights and malicious prosecution.

45. The action of Defendant Desmarais in maliciously initiating a criminal proceeding without probable cause against the plaintiff which ultimately was terminated in his favor constituted the tort of malicious prosecution under the law of Massachusetts.

## VII. RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory jugdment stating that:

   1. The malicious prosecution of the plaintiff by Defendant Desmarais violated the plaintiff's rights under the Fourth Amendment to the United States Constitution and constituted the tort of malicious prosecution under state law.

B. Issue an injunction ordering Defendant Desmarais to:

   1. Expunge the criminal proceeding described in this complaint from the plaintiff's criminal history.

C. Award compensatory damages in the following amount:

   1. $250.000 against Defendant Desmarais for the imprisonment and psychological damage including personal humiliation, defamation of character, emotional distress and mental anguish injuries resulting from his malicious prosecution of the plaintiff.

D. Award punitive damages in the following amount:

    1. $150,000 against Defendant Desmarais.

E. Award costs and attorney fees.

Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted,

Dated: October 15, 2012

Rafael Vasquez,      Pro Se
NCCI Gardner
500 Colony Road
P.O.Box 466
Gardner, MA 01440

### VERIFICATION

Pursuant to 28 USC Section 1746, I declare and verify under the pains and penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and beliefs. Executed on October 15, 2012.

Rafael Vasquez,      Pro Se